45,156

G. M. Groendycke, Alice Groendycke, Executor, Substituted, *Appellant,* v. Town and Country Lodge, Inc., A Corporation; and Harry B. Pollak, *Appellees.*

G. M. Groendycke, Alice Groendycke, Executor, Substituted, and Alice Groendycke, His Wife, *Appellants,* v. Leon H. Ellis and Lydia Ellis, His Wife; Town and Country Lodge, Inc., a Corporation; and Harry B. Pollak, *Appellees.*

Consolidated

(446 P. 2d 730)

Opinion filed November 9, 1968.

*W. Luke Chapin,* of Medicine Lodge, argued the cause, and *George B. Powers,* of Wichita, was with him on the brief for the appellants.

*Wayne Coulson,* of Wichita, argued the cause, and *Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Gerrit H. Wormhoudt, Philip Kassebaum, John E. Rees, Robert T. Cornwell, Willard B. Thompson, David W. Buxton, John T. Conlee, John Prather, Richard I. Stephenson,* and *Douglas D. Johnson,* all of Wichita, and *Hugo T. Wedell,* of Wichita, of Counsel, were with him on the brief for the appellees.

The opinion of the court was delivered by

Price, C. J.: These consolidated actions arose out of the operation of two motels on the west edge of the city of Wichita known as the Town and Country Lodge, Inc. and Western Trails Motel.

Plaintiff Groendycke is the owner-lessor of each property.

In the Town and Country case against defendant-lessees, plaintiff sought cancellation of the lease either on the ground of fraud or

lack of consideration, and damages. He further sought an interpretation of the lease and determination as to the allowance of depreciation in the determination of net profits.

In the Western Trails case against defendant-lessees, plaintiff sought return of the motel property either on the ground of nonpayment of rent, or on the ground the lease was void because of fraud. He further sought damages and unpaid rental, and an interpretation of the lease.

The cases were tried by the court without a jury. Extensive findings of fact and conclusions of law were made. Judgment in each case was generally in favor of defendant-lessees. Plaintiff has appealed.

The record on appeal covers 270 pages. A detailed recital of the evidence and the facts as found by the trial court, however, would serve no useful purpose—in view of the rather narrowed issues asserted in the appeal. As an example—all questions of alleged fraud on the part of defendants are abandoned.

We first discuss the Town and Country lease, which was dated March 5, 1962. Material portions of it read—

"The term shall be for a term of 22 years commencing on the 5th day of March, 1962, and terminating on the 5 day of March, 1984, the consideration for the same to be paid by the Lessee to the Lessor in monthly payments commencing on the 1 day of April, 1962, at $4,166.66 and continuing in such amount until the 1 day of April, 1963, it being understood that such monthly rental is intended to be equal to one-twelfth of $50,000.00, less one-twelfth of one-half of the difference between $100,000.00 and the annual net profit of the motel if such annual net profit shall be less than $100,000.00, or, in the alternative, plus three-fourths of the difference between the annual net profit and $100,000.00 if such annual net profit shall be more than $100,000.00. If the annual net profit in any one year is less than $100,000.00, then the monthly payments for the subsequent year shall be adjusted accordingly and the Lessee shall receive credit on monthly payments for the overage paid during the year just completed for the subsequent year. When the annual net profit is more than $100,000.00 the difference shall be paid by the lessee to the lessor not more than thirty days after the close of the fiscal year, such year to run from the 1st day of January each year to the 1st day of January each year. It is further understood that rental paid shall not be considered in computing the net annual profit.

"8. It is further contracted and agreed that the consideration or rental above set out to be paid to the Lessor by the Lessee, is free and clear and over and above all expenses of operation, and that the lessee agrees to pay all expenses of operation, including taxes, special assessments, licenses and all other expenses, and to keep the said premises in good repair except as set out in paragraph 5 hereof."

As to Town and Country—plaintiff owned the land and buildings. Defendant Pollak owned the furniture and fixtures, and in making his annual accounting he deducted an amount for depreciation on the furniture and fixtures in order to determine net profit. He did not allow or deduct for plaintiff any depreciation on his (plaintiff's) capital investment in the buildings.

As to the Town and Country lease the trial court held that depreciation on the furniture, fixtures and equipment belonging to defendants was a deductible expense in computing net profit, but that plaintiff's depreciation on the buildings and improvements was not to be considered as expenses of operation in computing net profit.

Plaintiff's only contention as to this is that the matter is a "two-way street"—and that depreciation either should be allowed to both parties or should be denied to both.

The trial court found—and there is evidence to support it—that throughout the dealings of the parties defendants consistently and repeatedly claimed depreciation in arriving at net profit—that plaintiff made no objection to the practice—as such—and accepted rental payments based upon the same—and that by such acquiescence is estopped to assert a contrary construction of the lease. Furthermore, the net profit formula for computation of rentals has reference only to the profits derived by defendant lessees from the operation of the motel—after deducting their expenses—one of which of course was the depreciation cost incurred through the use of the furniture and fixtures which they supplied and which were as necessary and indispensable as other operating expenses such as utilities, labor and repairs. And further, no sound reason— either in law or fact—why plaintiff should be allowed depreciation on his capital investment arising from his ownership of the buildings in arriving at the amount of rentals due him—has been advanced.

As to the depreciation feature of the dispute in connection with payment of rentals under the Town and Country lease the trial court was correct.

We turn now to the Western Trails lease, which was dated March 30, 1962. Material portions of it read—

"The term shall be for a term of 25 years commencing on the 1st day of April, 1962, and terminating on the 1st day of April, 1987, the consideration for the same to be paid by the lessees to the lessors in monthly payments com-

mencing on the 1st day of April, 1962, at $2,000.00 and continuing in such amount until the 1st day of April, 1987, it being understood that such monthly rental is intended to be equal to 1/12th of $24,000.00, less 1/12th of 1/2 of the difference between $48,000.00 and the annual net profit of the motel if such annual net profit shall be less than $48,000.00, or, in the alternative, plus 3/4ths of the difference between the annual net profit and $48,000.00 if such annual net profit shall be more than $48,000.00. *If the annual net profit in any one year is less than $48,000.00 then the monthly payments for the subsequent year shall be adjusted accordingly and the lessees shall receive credit on monthly payments for the overage paid during the year just completed for the subsequent year.* When the annual net profit is more than $48,000.00 the difference shall be paid by the lessees to the lessors not more than 30 days after the close of the fiscal year, such year to run from the 1st day of May, each year to the 1st day of May each year. It is further understood that rental paid shall not be considered in computing the net annual profit." (Emphasis supplied.)

As to Western Trails—plaintiff owned the land, buildings, furniture and equipment. The trial court held that plaintiff's depreciation on his capital investment was not to be considered as expenses of operation in computing net profit. We find nothing wrong with that. It further held that any purchases of additional or replacement equipment by defendant lessees were deductible in determining net profit because the equipment so purchased by defendants immediately became the property of plaintiff. We likewise find nothing wrong with that.

It is disclosed that right from the beginning the operation of Western Trails was not a financial success. As a result, the monthly rental of $2,000.00 for the year commencing April 1, 1962 exceeded the amount actually due based on the annual net profit for that year. Under the emphasized provision of the lease, above, defendant lessees contended they were entitled to adjust future monthly rental payments over subsequent *years* until such time as the "overage" paid in 1962-63 equaled the credits on the monthly rentals taken during such subsequent years. As a practical matter—their theory—as applied to the figures in question—would result in no rent being due until 1978.

The trial court agreed with that construction of the lease—for one of its conclusions of law was that "Overpayments of rental may be carried forward beyond one year."

We believe that such construction violates the plain and unambiguous language of the lease provision in question. It plainly states that if the annual net profit in *any one year* is less than $48,000.00 then the monthly payments for the *subsequent year*

shall be adjusted accordingly and the lessees are to receive credit on monthly payments for overage paid during the *year* just completed for the *subsequent year*. In other words—credit for "overage" is to be carried forward for only the *subsequent year*—and not beyond.

The extent of our holding is this:

As to both leases the trial court was correct in its rulings on the question of allowance of depreciation in the determination of net profit.

As to the Western Trails lease the trial court erred in ruling that overpayments of rental may be carried forward beyond the subsequent year.

What has been said disposes of questions actually raised in this appeal. It is apparent that other portions of the judgment—such as the ruling on defendants' counter-claim and as to whether the Western Trails lease had been breached—were, in part, at least, tied in with and based upon the erroneous premise of allowance of credit for "overage" beyond the subsequent year in question. We therefore express no opinion as to such other portions of the judgment.

On the question of allowance of depreciation the ruling below is affirmed. On the question of credit for "overage" the ruling below is reversed and the case is remanded for further proceedings with directions to determine the rights and liabilities of the parties in harmony with what is here said and held.